2024-1394

# United States Court of Appeals
# for the Federal Circuit

KITSCH LLC,

        *Plaintiff-Appellee,*

v.

DEEJAYZOO, LLC,

        *Defendant-Appellant.*

Appeal from the United States District Court for the Central District of California, Case No. 2:19-cv-02556-JAK-RAO, Judge John A. Kronstadt

**REQUEST FOR ENTRY OF ORDER OF DISMISSAL WITH PREJUDICE**

    Mark A. Cantor
    Marc Lorelli
    REBECCA J. CANTOR
    BROOKS KUSHMAN P.C.
    150 W. Second St., Suite 400N
    Royal Oak, MI  48067-3846
    (248) 358-4400

February 19, 2025

    *Counsel for Plaintiff-Appellee*

## CERTIFICATE OF INTEREST

Counsel for Plaintiff-Appellee, Kitsch LLC, certifies the following:

1. **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case.   Kitsch LLC

2. **Real Party in Interest.** Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.
   N/A

3. **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.   N/A

4. **Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).   Mark A. Cantor, Marc Lorelli, Rebecca J. Cantor and William E. Thomson, Jr. of Brooks Kushman P.C.

5. **Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the

pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). *See also* Fed. Cir.R.47.5(b).

____None_____

      6.    **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6). ___N/A_____

This appeal should be dismissed with prejudice based on Appellant's failure to prosecute this appeal and this Court's Order of October 18, 2025.

The Notice of Appeal was in this case filed on January 18, 2024. In the more than one year since the Notice was filed, Appellant has repeatedly delayed this appeal and sought extensions to file its principal brief based on its first and second counsel withdrawing from representation. Below is a full chronology which clearly demonstrates that Appellant has failed to prosecute its appeal:

- On January 19, 2024, the Court docketed this appeal and set March 26, 2024 as the deadline for Appellant's brief. (ECF 1.)

- On January 30, 2024, attorneys Robert Greenspoon, Jonathan Hill, and Mark Magas entered an appearance on behalf of Appellant. (ECF 2.)

- On February 26, 2024, Appellant requested a sixty-day extension of time to file its brief, making its new deadline May 28, 2024 (ECF 9). This motion was granted on February 27, 2024. (ECF 10.)

- On April 1, 2024, attorneys Greenspoon, Hill, and Magas filed a motion to withdraw as counsel for Appellant. (ECF 12.)
- On May 9, 2024, the Court granted the motion to withdraw, stayed the briefing schedule, and required Appellant to have new counsel file an entry of appearance within sixty days. (ECF 13.) The Court also reminded Appellant that "[f]ailure to [obtain new counsel] may result in dismissal of the appeal." (*Id.*)
- On July 8, 2024, the last day Appellant had to get new counsel, Matthew J. Dowd entered an appearance as counsel for Appellant. (ECF 14.)
- On August 22, 2024, the Court lifted the stay and ordered that Appellant's opening brief was due within sixty days. (ECF 16.)
- On September 25, attorney Dowd filed a motion to withdraw as counsel for Appellant. (ECF 17.)
- On October 16, 2024, shortly before Appellant's brief was due, Appellant filed a motion to extend the time to file its brief until November 20, 2024. (ECF 18.) Appellee opposed the motion, stating in an email to attorney Dowd that "this

dispute has been pending for well over 5 years and we want it resolved as soon as possible. As a result, we do not consent to the motion for an extension." (*Id.* at 15.)

- On October 18, 2024, the Court granted attorney Dowd's motion to withdraw and denied the motion for an extension of time as moot. (ECF 19 and 20.) Further, the Court gave Appellant sixty days to find new counsel and stated that if Appellant did not have counsel enter an appearance within that time, the Court would "dismiss for failure to prosecute." (ECF 19.) The Court further ordered that Appellant's brief would be due within sixty days of the entry of appearance of Appellant's new counsel. (*Id.*) Importantly, the Court also stated "[n]o further extensions of time for the opening brief should be anticipated." (*Id.*)

- On December 17, 2024, again on the last day possible, Erik Dykema entered an appearance as counsel for Appellant. (ECF 21.)[1]

This court's order of October 18, 2024 was very clear: Appellant had 60 days to obtain new counsel and the brief shall be due sixty (60) days from that date. The 60 days from the date of the Notice of Appearance was Saturday, February 15, 2025. Because that date fell on a Saturday and there was an intervening federal holiday, Appellant received three extra days to file its opening brief, which was due yesterday, February 18, 2025.[2] Appellant did not file any brief.

Appellant's dilatory behavior has already been noted by this Court (*see* ECF 19), and Appellant's actions have made it clear that Appellant either cannot or will not prosecute this appeal.

After well over 5 years, Appellee is entitled to finality regarding this matter so it can move on without having this hanging over its head.

---

[1] The Court subsequently entered a notice of non-compliance, and attorney Dykema filed a corrected entry of appearance on December 20, 2024. (ECF 22 and 23.)

[2] Even if you calculate the due date to file the Brief based on the corrected entry of appearance, the deadline for Appellant's opening brief was still February 18, 2025.

4

Appellee prevailed at trial on all issues and there is no excuse for Appellant not filing its opening brief.

Therefore, in accordance with this Court's Order of October 18, 2024 (ECF 19), this case should be dismissed with prejudice for Appellant's failure to prosecute its appeal. *See* Fed. R. App. P. 31(a)(c) ("If an appellant fails to file a brief within the time provided by this rule . . . an appellee may move to dismiss the appeal."); Fed. Cir. R. 31(d) ("If the appellant or petitioner fails to file a principal brief, the clerk of court is authorized to dismiss the case.").

                                  Respectfully submitted,

                                  **BROOKS KUSHMAN P.C.**

                                  /s/ Mark A. Cantor
                                  Mark A. Cantor
                                  Marc Lorelli
                                  Rebecca J. Cantor
                                  150 W. Second St., Suite 400N
                                  Royal Oak, MI  48067-3846
                                  Telephone:  (248) 358-4400
                                  Facsimile:   (248) 358-3351
                                  Email: mcantor@brookskushman.com
                                              mlorelli@brookskushman.com
                                              rcantor@brookskushman.com

                                  *Counsel for Plaintiff-Appellee*

Date: February 19, 2025